IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH LEVATO and ANGELA DEVATO, | ) ) ) |
| Plaintiffs, | ) ) No. 20 C 1999 |
| v. | ) ) Magistrate Judge |
| MARY A. O'CONNOR, MARY A. O'CONNOR TRUST, GALE G. ACKER and GALE G. ACKER TRUST, | ) Maria Valdez ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 33]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Defendants' motion is denied.

## **FACTS**[1]

Defendants previously owned a house and parcel of land (the "Property") located at 111 East Clarendon Street, Prospect Heights, Illinois, which is within this judicial district. (LR 56.1(a)(3) ¶¶ 2-3; LR 56.1(b)(3) ¶ 16.) Plaintiffs are residents of Illinois and Defendants are residents of Arizona. (LR 56.1(a)(3) ¶ 2.)

---

[1] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

The amount in controversy in the case exceeds $75,000, (*id.*), and thus the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

On April 27, 2019, Defendants listed the Property for sale and executed a Residential Real Property Disclosure Report that did not refer to or disclose certain alleged defects. (*Id.* ¶ 6.) The alleged defects that Defendants did not disclose included (a) "a problem with the air conditioning system that caused an accumulation of moisture and, therefore, mold growth throughout the system[,]" (b) "a defect in the drain tile system involving the presence of iron bacteria that causes clogs in the drains, pipes, and the sump pump[,]" and (c) "recurring leakage and/or seepage issues in the basement of the Property." (*Id.* ¶ 5; LR 56.1(b)(3) ¶ 5.) Defendants and Plaintiffs entered a contract for the sale of the Property on April 29, 2019 and closed on the sale on May 30, 2019. (LR 56.1(a)(3) ¶ 7.)

Defendants previously had the drain tile system at the Property "jetted" twice per year to clear out iron bacteria buildup. (LR 56.1(b)(3) ¶ 18.) If the iron bacteria buildup was not dealt with, the iron bacteria would eventually clog the drain tile system. (*Id.* ¶ 19.) Defendants had the drain tile system jetted on April 19, 2019, prior to selling the Property to Plaintiffs. (*Id.* ¶ 22.) As part of the sale of the Property, on April 29, 2019 Defendants provided Plaintiffs with a copy of the Disclosure Report. (*Id.* ¶ 23.)

Prior to closing, Plaintiffs discovered that there was no radiant heat in the floor of the basement bedroom. (LR 56.1(a)(3) ¶ 9.) The parties determined that they would set aside $5,000 to make sure the basement bedroom radiant floor heating

2

was working. (*Id.*) On July 8, 2019, after Plaintiffs learned that repairs would need to be made to the radiant floor heating, the parties agreed that Plaintiffs would receive $2,758 of the escrow to pay the repair quote. (*Id.* ¶ 13.) Plaintiff Joseph Levato thereafter signed a release (the "Release") in exchange for the $2,758, which stated that Mr. Levato would indemnify, hold harmless, and release Defendants "for any issues stemming from or arising out of [the] purchase of [the property], including but not limited to the radiant heat in the basement bedroom." (LR 56.1(a)(3) ¶ 15.)

On or about May 26, 2019, Plaintiffs did a walkthrough of the Property with Defendants before the closing on May 30, 2019. (LR 56.1(b)(3) ¶ 26.) On or about November 30, 2019, Plaintiffs discovered the alleged defects including the existence of mold in the air conditioning system. (LR 56.1(a)(3) ¶ 8; LR 56.1(b)(3) ¶ 31.) In February 2020, Plaintiffs discovered water stains on the ceilings of the main floor of the Property. (LR 56.1(b)(3) ¶ 35.)

## DISCUSSION

I.  **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001).

3

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted). Furthermore, courts are "'not required to draw every conceivable inference from the record,'" *United States v. Luce*, 873 F.3d 999, 1005 (7th Cir. 2017) (citation omitted), nor do they "have to scour the record or make a party's argument for it," *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019).

## II. ANALYSIS

The parties' dispute centers completely around whether the Release signed by Plaintiffs is valid, enforceable, and encompasses the defects alleged in the complaint. If the answer to that collective inquiry is "yes" and there are no material

issues of fact as to the validity and scope of the Release, Defendants are entitled to summary judgment on all claims alleged in the complaint. Plaintiffs argue, however, that the Release is unenforceable because it was obtained by fraud and does not encompass the defects at issue, and that determination of both (1) the validity and (2) the scope of the Release involve disputed issues of material fact. The Court agrees with Plaintiffs that genuine issues of material fact exist as to both the validity and scope of the Release.

### A. <u>Validity</u>

Under Illinois law, a release is a contract and is governed by contract law. *Farm Credit Bank of St. Louis v. Whitlock*, 144 Ill.2d 440, 447 (1991). As with any other contract, a "release may be set aside if there is fraud in the inducement." *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1341 (7th Cir. 1992) (citing *Phil Dressler & Assoc. v. Old Oak Brook Inv. Corp.*, 192 Ill. App. 3d 577 (2d Dist. 1989)). Fraudulent inducement occurs where the following elements are met: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. *Id.* (citation omitted).

Plaintiff argues the Release was obtained by fraud because Defendants knowingly misrepresented and concealed the existence of iron bacteria in the drain tile system, water intrusion issues at the Property, and defects in the air

5

conditioning system, and but for the misrepresentations, Plaintiffs would not have signed the Release.

The Court agrees that whether Defendants fraudulently induced Plaintiffs into purchasing the Property, and signing the Release, by intentionally concealing defects and making false statements in the disclosure report, is a disputed question of fact which could change the outcome of the case. *See Janowiak v. Tiesi*, 402 Ill. Supp. 3d 997, 1005 (1st Dist. 2010) (stating that "genuine issues of material fact remain concerning whether there was fraud in the inducement of the release, which could invalidate the release in its entirety. Where such facts are alleged, an issue of material fact exists, which if proven, would likely defeat the affirmative defense of prior release."). For example, Defendants had the drain tile system at the Property "jetted" twice per year to clear out iron bacteria buildup, which may have prevented Plaintiffs from learning of its existence. (*See* LR 56.1(b)(3) ¶ 18.) Because the Release would be invalid under Illinois law if induced by fraud, and that could change the outcome of the case, the issue in inappropriate for summary judgment.

**B.** **Scope**

If the Release's terms are "clear and explicit, the court must enforce them as written and construction of the release is a question of law." *Construction Systems, Inc. v. FagelHaber, LLC*, 2015 IL App (1st) 141700, ¶ 25 (citation omitted). "Releases are construed against the benefitting party and must spell out the intention of the parties with great particularity." *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill.App.3d 605, 614 (2007) (citation omitted). The scope and

6

effect of a release are determined from both the express language of the release and "the circumstances surrounding its execution." *Construction Systems,* 2015 IL App (1st) 141700, ¶ 25. "Under Illinois law, a release will not be construed to defeat a valid claim that was not contemplated by the parties at the time the agreement was executed, and general words of release are inapplicable to claims that were unknown to the releasing party. *Id.* (citing *Whitlock*, 144 Ill.2d at 447).

Although the construction of the Release is ultimately an issue of law, the "circumstances surrounding its execution" is a question of fact and disputed issues of fact related to the circumstances may defeat summary judgment. *See Construction Systems,* 2015 IL App (1st) 141700, ¶ 25. Here, the Court finds that genuine issues of material fact exist as to the scope of the Release, which would make a legal conclusion regarding the scope inappropriate at summary judgment.

The language of the Release is one issue, but "[t]he intention of the parties controls the scope and effect of a release, and this intent 'is discerned from the language used *and the circumstances of the transaction.*'" *Carlile v. Snap-on Tools*, 271 Ill. App. 3d 833, 838 (4th Dist. 1995) (emphasis in original). Furthermore, "[a] release cannot be construed to include claims not within the contemplation of the parties." *Id.* Plaintiffs signed the Release without being aware of the defects they claim were fraudulently concealed, so the scope of the Release cannot be determined without resolution of the genuine issues of disputed fact regarding the circumstances surrounding the execution of the Release, including whether and to what extent Defendants concealed certain defects.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 33] is denied.

**SO ORDERED.**  **ENTERED:**

**DATE: June 17, 2021**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**