## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEVATO and ANGELA LEVATO, | ) ) ) | |
| Plaintiffs, | ) ) | No. 20 C 1999 |
| v. | ) ) | **Magistrate Judge** |
| MARY A. O'CONNOR, individually and as Trustee for the Mary A. O'Connor Trust dated March 23, 2000, MARY A. O'CONNOR TRUST dated March 23, 2000, GALE G. ACKER, individually and as Trustee for the Gale G. Acker Trust dated March 23, 2000, and GALE G. ACKER TRUST dated March 23, 2000, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Maria Valdez** |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Summary Judgment on Count Three of Plaintiffs' Amended Complaint [Doc. No. 58]. For the reasons that follow, Defendants' motion is denied.[1]

## BACKGROUND

Plaintiffs Joseph Levato and Angela Levato brought this diversity action pursuant to Illinois common law and the Illinois Residential Real Property

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Disclosure Act ("RRPDA" or the "Act"). 765 ILCS 77/1, *et seq.* Plaintiffs' Amended

Complaint seeks either recission or damages based upon alleged fraud in the sale of

real property located in Prospect Heights, Illinois (the "Property"). The major thrust

of the Amended Complaint is that Defendants, which owned and sold the Property

to Plaintiffs, had knowledge of major defects but did not disclose those defects to

Plaintiffs prior to their purchase. Pertinent here, Plaintiffs have alleged that

Defendants had knowledge of chronic defects in the drain tile system, including

"[t]he presence of iron bacteria" which "cause[d] the accumulation of a thick, rust-

colored slime that fills and clogs drains, pipes, and sump pumps." (Am. Compl. ¶

27.) Count III of the Amended Complaint is brought pursuant to the RRPDA and

alleges that Defendants violated the Act by, *inter alia*, not disclosing the iron

bacteria condition. Defendants now move for partial summary judgment "on the

portion of Count Three regarding iron bacteria." (Defs.' Mot. at 1.)

## DISCUSSION

I.      **FACTS**

The facts pertinent to the instant motion as set forth by the parties are brief

and almost entirely undisputed. On April 27, 2019, Defendants listed the subject

Property for sale. (Defs.' LR 56.1 Statement at ¶ 6.) As part of that listing,

Defendants executed a Residential Real Property Disclosure Report ("Disclosure

Report") on April 28, 2019. (*Id.*) Defendants provided a copy of the Disclosure

Report to Plaintiffs. (Pls.' LR 56.1 Statement at ¶ 23.) The parties entered into a

sale contract on April 29, 2019, and they closed on the sale of the Property on May

30, 2019. (Defs.' LR 56.1 Statement at ¶ 7.) On November 30, 2019, Plaintiffs discovered rust-colored sludge seeping up through multiple gaps of the cement floor of the basement and learned of a recurring presence of iron bacteria in the Property's drain tile system and sump pumps. (Pls.' LR 56.1 Statement at ¶ 24.)

Prior to selling the Property, Defendants had knowledge of the presence of iron bacteria in the drain tile system. (Pls.' LR 56.1 Statement at ¶ 15.) Defendants' Disclosure Report for the Property did not refer to or disclose the presence of iron bacteria. (Defs.' LR 56.1 Statement at ¶ 6.) Further, in their Disclosure Report, Defendants checked "NO" indicating that they were not "aware of material defects in the plumbing system (includes such things as water heater, sump pump, water treatment system, sprinkler system and swimming pool)." (*Id.* at ¶ 11.)

Iron bacteria are small living organisms that naturally occur in soil, shallow groundwater, and surface waters, and they produce a gelatinous slime that builds up over time. (Defs.' LR 56.1 Statement at ¶ 13; Pls.' LR 56.1 Statement at ¶ 16.) The iron bacteria condition at the Property cannot be eliminated. (*Id.* at ¶ 19.) In order to effectively combat the iron bacteria, the Property's pipes must be "jetted" at regular intervals. (Defs.' LR 56.1 Statement at ¶ 14.) Prior to selling the Property, Defendants had the drain tile system jetted twice per year to deal with iron bacteria buildup. (Pls.' LR 56.1 Statement at ¶ 18.)

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient." *Johnson v. Doughty*, 433 F.3d 1001, 1009-10 (7th Cir. 2006) (quotations and alterations omitted).

## III.    ANALYSIS

The resolution of the instant motion requires that this Court construe the pertinent provisions of the RRPDA. The fundamental rule of statutory construction is to ascertain and effectuate the legislature's intent. *Comprehensive Community Solutions, Inc. v. Rockford Sch. Dist. No. 205*, 837 N.E.2d 1, 11 (Ill. 2005).[2] The plain language of the statute remains the best indication of that intent. *Id.* When the statutory language is clear and unambiguous, a court may not depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Lawler v. Univ. of Chicago Med. Ctr.*, 104 N.E.3d 1090, 1094 (Ill. 2017). A statute is viewed as a whole. *In re*

---

[2] As this Court is sitting in diversity and construing an Illinois statute, it is to apply the rules of statutory construction as enunciated by Illinois state courts. *See Doe v. A.J. Boggs & Co.*, No. 1:18-cv-01464, 2019 U.S. Dist. LEXIS 60521, at *5 (E.D. Cal. Apr. 5, 2019) ("When a federal court sitting in diversity interprets a state statute, it must apply state rules of statutory construction.") (citations omitted); *Senderra Rx Partners, LLC v. Blue Cross & Blue Shield of N.C.*, No. 1:18-CV-871, 2021 U.S. Dist. LEXIS 65338, at *9 (M.D.N.C. Apr. 5, 2021) ("The Court – sitting in diversity – applies state law principles of statutory construction, as enunciated and applied by the North Carolina Supreme Court.") (citation omitted).

*Marriage Dahm-Schell*, – N.E.3d –, No. 126802, 2021 Ill. LEXIS 982, at \*12 (Ill.

Nov. 18, 2021). Therefore, words and phrases are construed considering other

relevant statutory provisions and not in isolation. *Chicago Teachers Union, Local

No. 1 v. Bd. of Educ. of the City of Chicago*, 963 N.E.2d 918, 923 (Ill. 2012). Each

word, clause, and sentence of a statute must be given a reasonable meaning, if

possible, and should not be rendered superfluous. *Id.* A court may also consider the

reason for the law, the problems sought to be remedied, the purposes to be achieved,

and the consequences of construing the statute one way or another. *Id.*

Pursuant to the RRPDA, a seller of residential real property "shall disclose

material defects of which the seller has actual knowledge." 765 ILCS 77/25(b). The

Act defines "material defect" to mean "a condition that would have a substantial

adverse effect on the value of the residential real property or that would

significantly impair the health or safety of the future occupants of the residential

real property." 765 ILCS 77/35. The statute requires that "[a] seller of residential

real property shall complete all applicable items in the disclosure document

described in Section 35 of [the] Act." 765 ILCS 77/20. Section 35 of the RRPDA calls

the disclosure document a "Residential Real Property Disclosure Report." 765 ILCS

77/35. The statute explains that the "purpose of [the] report is to provide

prospective buyers with information about material defects in the residential real

property." *Id.* In the report, the seller must indicate, *inter alia*, whether they are

"aware of material defects in the plumbing system [which] []includes such things as

5

water heater, sump pump, water treatment system, sprinkler system, and swimming pool." *Id.*

As characterized by Defendants, "the only question before the court is whether the iron bacteria referred to in the Complaint is a 'material defect' to the plumbing system, defined in the statute as 'such things as water heater, sump pump, water treatment system, sprinkler system and swimming pool.'" (Defs.' Reply at 1.) The Court does not entirely agree with that exact formulation, and Defendants' motion would fail if that was in fact the precise question presented. Indeed, as pointed out by Plaintiffs, whether a defect is "material" – in that it has "substantial adverse effect on the value" of the property or poses a health risk to occupants – would generally involve questions of fact to be determined at trial. *See Sgariglia v. Am. Int'l Relocation Servs.*, No. 19-cv-5684, 2021 U.S. Dist. LEXIS 176352, at *30 (N.D. Ill. Sep. 16, 2021) ("But if this case were to go to trial, the trier of fact would be required to determine if the defects identified by Plaintiff are ones that 'have a substantial adverse effect on the value of' the Unit or that 'significantly impair the health or safety of future occupants of' the Unit.") (citations omitted). As such, in this case, the "materiality" of the condition at issue cannot be adjudicated pursuant to Defendants' instant motion, particularly based on the factual record before the Court which does not include any evidence pertaining to the actual cost of remediating the iron bacteria condition. The Court believes that the immediate question posed by Defendants' motion is whether the iron bacteria condition as manifested at the subject Property is a type of condition that Defendants were

6

obligated to disclose pursuant to the RRPDA's requirement that defects in a "plumbing system" be disclosed. As framed by Plaintiffs, the question presented is "whether the presence of iron bacteria in a drain tile system and sump pumps is encompassed by the disclosure requirements of the [RRPDA]." (Pls.' Resp. at 1.) It does not appear that any court has previously considered the issue of whether iron bacteria must be disclosed under the RRPDA.

As stated above, Plaintiffs have alleged generally that Defendants failed to disclose chronic defects in the drain tile system at the subject Property. Troublingly, neither party has set forth any facts in their respective statements of fact explaining precisely what a drain tile system is, nor any facts demonstrating what specific drain tile system is employed at the Property. For the first time in their reply brief, Defendants maintain that a drain tile system "is a perforated pipe that surrounds a home and, thereby, prevents water from infiltrating the home." (Defs.' Reply at 2.) Defendants also assert for the first time in their reply brief that a drain tile system "involves pipes and water, but is otherwise completely separate from the home's plumbing system." (*Id.*) The Court need not (and does not) accept Defendants' latter assertion. *See Phillips v. Quality Terminal Servs., Ltd. Liab. Co.,* 855 F. Supp. 2d 764, 784 n.11 (N.D. Ill 2012) ("Merely including facts in a responsive memorandum is insufficient to put the issue before the Court. . . . Adherence to Local Rule 56.1 gives the opposing party the opportunity to either admit or deny the statement of fact, and to provide record support for either assertion. By not following the rule, a party injects facts into the case that have not

7

been subject to the opposing side's scrutiny, nor presented to the court for its review. The Court will not accept facts referenced in Plaintiff's memorandum that are not set forth in his statement of facts.") (citations omitted). The Court's independent research reveals that drain tile systems are generally comprised of subterranean drainage pipes designed to protect homes from groundwater flooding by redirecting water away from the home before it can enter and cause damage. Drain tile systems can be either internal or external, with internal systems being installed under a building's foundation and external systems being installed around the perimeter of a building below the level of the floor slab. The record before the Court provides no indication of whether the drain tile system at the subject Property is internal or external, and, again, it does not provide any other specifics regarding the drain tile system at issue.

In any event, findings as to the precise nature of drain tile systems or the specifics of the drain tile system at the subject Property are not necessary to an adjudication of the instant motion. That is because Defendants have unequivocally admitted that "[i]ron bacteria produces a gelatinous slime that builds up over time," that they "had knowledge of the presence of iron bacteria in the drain tile system," and that "[t]he iron bacteria was present in the sump pumps." (Defs.' Resp. to Pls.' LR 56.1 Statement at ¶¶ 15-17 (emphasis added); Defs.' Reply at 1 ("Defendants here have admitted that they were aware of recurring iron bacteria sludge in the basement drain tile pipes and sump pump that builds up to be a gelatinous slime over time, and that they therefore jet the drain tile system twice per year in order to

mitigate it.").) Further, Defendants themselves asked Plaintiffs to admit (and Plaintiffs admitted) that iron bacteria form "a slimy material that sticks the bacteria to <u>well pipes, pumps, and plumbing fixtures</u>." (Doc. No. 58-4 at ¶ 6 (emphasis added).) As set forth above, the RRPDA (and Defendants' Disclosure Report made pursuant to the Act) specifically delineates a "plumbing system" to include a "sump pump." 765 ILCS 77/35. Accordingly, as the iron bacteria are plainly a condition "in" (within the bounds of) the "sump pump" and "plumbing fixtures," they are a type of defect that Defendants had an obligation to disclose pursuant to the Act's plain language. As discussed above, whether the iron bacteria condition in this case substantially impacts the value of the Property or poses a health risk is a question for another day.

In support of their motion, Defendants rely almost exclusively on the decision in *Kalkman v. Nedved*, 991 N.E.2d 889 (Ill. App. Ct. 2013). In that case, the defendants sold a home to the plaintiffs and the defendants' RRPDA disclosure report indicated that they were not "aware of material defects in the walls or floors." *Id.* at 891. However, the defendants did not disclose that there were considerable defects in the home's windows and doors (that caused serious flooding problems). *Id.* at 890. The *Kalkman* court framed the question presented as "whether sellers must disclose material defects with a home's windows and doors under the [RRPDA's] obligation to disclose defects with a home's 'walls.'" *Id.* at 892. The court noted that the RRPDA-mandated disclosure report "contains 23 listed items which call for the sellers of residential real property to disclose whether they know of a specified

material defect or other condition in the home." *Id.* at 891. The court further noted

that "on item six of the disclosure report[] sellers must certify whether they are

'aware of material defects in the walls or floors.'" *Id.* at 893.

In holding that the defendants were not obligated to disclose defects in the

windows and doors, the *Kalkman* court found that a plain definition of "walls" did

not encompass windows or doors within a wall. The court further reasoned as

follows:

> [U]nder the maxim *expressio unius est exclusio alterius*, meaning the
> "expression of one thing is the exclusion of another," we infer that when
> a statute lists the things to which it applies, the omissions should be
> understood as exclusions. . . . Here, the legislature chose to enumerate
> 23 conditions or defects which a seller must disclose, but windows or
> doors are not specifically mentioned. This implies that the legislature
> did not intend for those features of a property to be covered by the
> disclosure report.

*Id.* at 894 (citations omitted). This Court finds *Kalkman* (and its rationale based on

*expressio unius est exclusio alterius*) clearly inapposite to the case at bar. The

*Kalkman* court ultimately characterized the situation before it as "whether a seller

must disclose a defect not specifically mentioned in the disclosure report." *Id.* at

895. In that regard, the situation in *Kalkman* is effectively the opposite of the

situation in the present case, as the RRPDA *does specifically mention* defects in a

home's "plumbing system" and "sump pump." 765 ILCS 77/35. This Court does not

read *Kalkman* to stand for the proposition that a particular type of defect – here,

iron bacteria – need be specifically listed in the RRPDA in order to fall under the

statute's disclosure requirements regarding plumbing systems. Ultimately, since

sump pumps are apparatuses specifically mentioned in the RRPDA as part of

10

plumbing systems, *Kalkman* is distinguishable and does not provide a basis for awarding Defendants partial summary judgment.

## CONCLUSION

Ultimately, the Court concludes that an indisputably irreparable condition that continually produces rust-colored sludge that clogs a home's plumbing fixtures and sump pumps fits within the disclosure requirements of the RRPDA by any reasonable interpretation of the statute's plain terms. Accordingly, Defendants' Motion for Partial Summary Judgment on Count Three of Plaintiffs' Amended Complaint [Doc. No. 58] is denied.

**SO ORDERED.**

**ENTERED:**

**DATE:** __December 3, 2021__

_____

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

11